ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ERNESTO RUÍZ ROMERO<br><br>APELANTE<br><br>V.<br><br>JOSÉ R. SANTIAGO PERELES<br><br>APELADO | TA2026AP00481 | Apelación procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. JD2025CV00568<br><br>Sobre: Cobre de Dinero |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Comparece ante nos, por derecho propio, el señor Ernesto Ruíz Romero (en adelante, "señor Ruíz Romero"). Solicita nuestra intervención para que dejemos sin efecto la *"Sentencia"* emitida el 3 de marzo de 2026 y notificada el 5 del mismo mes y año en un caso civil ordinario sobre cobro de dinero, instado por el señor Ruíz Romero en contra del señor José R. Santiago Pereles (en lo sucesivo "señor Santiago Pereles").

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de epígrafe por falta de jurisdicción.

A continuación, exponemos un resumen del tracto procesal atinente a la cuestión jurisdiccional.

**I.**

El 11 de agosto de 2025, el señor Ruíz Romero demandó al señor Santiago Pereles. Argumentó, que el referido demandado no le brindó una representación legal adecuada, por lo cual solicitó que le restituyera lo pagado en concepto de honorarios de abogado. A su vez, peticionó que se ordenara una indemnización a su favor debido a la falta de cuidado del demandado en atender sus intereses.

Tras el demandado presentar una solicitud de desestimación y las partes expresarse al respecto en una *"Vista de Seguimiento,"* el 5 de marzo de 2026, el foro primario notificó la *"Sentencia"* que hoy se nos solicita revisar. Mediante esta, desestimó con perjuicio la demanda de epígrafe a tenor de la doctrina de cosa juzgada.

En desacuerdo, el 24 de marzo de 2026, el señor Ruíz Romero presentó un escrito intitulado *"Moción para Alterar la Sentencia."* A través de esta peticionó al foro recurrido que realizara determinaciones de hecho y conclusiones de derecho adicionales a las expuestas en la *"Sentencia."* Acto seguido, reiteró la anterior solicitud el día 17 de abril de 2026. Posteriormente, el 8 de mayo de 2026, compareció a este Tribunal mediante un recurso de apelación en el que solicita que revisemos y revoquemos la aludida "*Sentencia."*

**II.**

**A.    Jurisdicción**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Friger Salgueiro v. Mech-Tech College, LLC y otros,* 2026 TSPR 30; *Greene y otros v. Biase y otros,* 2025 TSPR 83 (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia; Aseguradora X,* 2025 TSPR 123; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo aquí concerniente, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o

controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007). Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Id.* Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, 189 DPR 877, 883 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.

### III.

Tras una revisión del expediente ante nuestra consideración, concluimos desestimar por falta de jurisdicción el presente recurso. Nos explicamos.

La Regla 43.1 de Procedimiento Civil regula lo concerniente a las solicitudes sobre enmiendas o determinaciones iniciales o adicionales. En lo pertinente esta regla lee como sigue:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, **presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia,** el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes [...] (Énfasis suplido). 32 LPRA Ap. V, R. 43.1.

La precitada Regla no establece que el término para presentar la aludida moción sea de carácter jurisdiccional por lo que estamos ante un término de estricto cumplimiento. A diferencia de los términos jurisdiccionales el término de estricto cumplimiento puede ser prorrogado por los tribunales. Sin embargo, la referida prorroga solo procederá si se cumplen los siguientes requisitos: "(1) que en efecto exista justa causa para la dilación, y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; esto es, que la parte interesada acredite de manera adecuada la justa causa aludida." *Freire Ruiz de Val y otros v. Morales Román,* 2024 TSPR 129.

De conformidad a lo expuesto, la copia de la notificación de la *"Sentencia"* recurrida se archivó en autos el día 5 de marzo de 2026. Cabe agregar, que surge del expediente copia de un sobre de correo

postal sellado el día 6 de marzo de 2026.[1] Aun tomando como correcta la fecha de 6 de marzo de 2026, la moción de determinaciones de hechos adicionales intitulada por el señor Ruíz Romero *"Moción para Alterar la Sentencia,"* fue presentada tardíamente. La razón de ello estriba en que dicha Moción fue radicada el día 24 de marzo de 2026; fecha para la cual ya habían transcurrido diecinueve (19) días desde el archivo en autos de copia de la notificación de la *"Sentencia"* objeto de revisión y dieciocho (18) días desde el estampado del correo postal por medio del cual el señor Ruíz Romero fue notificado del referido dictamen.

Además, no surge del expediente que el señor Ruíz Romero acreditara justa causa para justificar su dilación en presentar la *"Moción para Alterar la Sentencia."* En ausencia de ello, el señor Ruíz Romero no tuvo a su favor el beneficio de contar con una prórroga legítima para la presentación de la *"Moción para Alterar la Sentencia."* Cabe señalar, que es la posición del señor Ruíz Romero que él presentó dicha Moción oportunamente toda vez que el día 9 de marzo de 2026 recibió la notificación de la *"Sentencia"* por correo postal. Sin embargo, no le asiste la razón. La Regla 43.1 de Procedimiento Civil, *supra*, es clara al establecer que una parte tendrá hasta "quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia" para presentar una moción sobre enmiendas o determinaciones iniciales o adicionales.

Acto seguido, la Regla 43.2 de Procedimiento Civil establece en lo pertinente lo siguiente:

> Presentada una moción por cualquier parte en el pleito **para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedará interrumpido el término para apelar,** para todas las partes. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso. 32 LPRA Ap. V, R. 43.2.

No obstante, la *"Moción para Alterar la Sentencia"* no puede considerarse que interrumpió el término para apelar puesto que fue

---

[1] Véase, Entrada Núm. 1 de SUMAC del Tribunal de Apelaciones, Apéndice Núm. 1, pág. 4.

presentada a destiempo, sin mediar justa causa para su presentación tardía. En vista de lo anterior, el recurso de apelación presentado el día 8 de mayo de 2026 adolece de radicación tardía dado que el término jurisdiccional de treinta (30) días para comparecer a este Tribunal expiró el día 6 de abril de 2026.[2]

De igual modo, es preciso destacar que las Reglas de Procedimiento Civil contemplan unos requisitos de contenido para que este tipo de mociones gocen de presentación legítima. Sobre el particular, la Regla 43.2, *supra,* lee como sigue: "La moción de enmiendas o determinaciones iniciales o adicionales **deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados**, y debe **fundamentarse en cuestiones sustanciales** relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales." (Énfasis suplido).

La *"Moción para Alterar la Sentencia,"* presentada por el señor Ruíz Romero no cumple con los requisitos de particularidad, especificidad y fundamentos requeridos por la precitada Regla. Por el contrario, la referida Moción es un tanto ininteligible y contiene expresiones meramente generalizadas. Así pues, a luz de que la aludida Moción se presentó tardíamente e incumplió con las exigencias de contenido de la Regla 43.2, *supra,* debemos necesariamente concluir que el término jurisdiccional para recurrir a esta Curia no fue debidamente interrumpido, por lo cual carecemos de autoridad para entrar en los méritos del presente caso.

En cuanto al "Application for Determination of Indigency," la declaramos *Ha Lugar*.

**IV.**

Por los fundamentos que anteceden, *desestimamos* por falta de jurisdicción el recurso de apelación presentado.

**Notifíquese.**

---

[2] Véase, la Regla 13 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 23, 215 DPR \_\_\_\_ (2025).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones